IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

KEVIN MAZZARELLA, et al.,  :
    Plaintiffs,  :
      :    CIVIL ACTION
v.  :    NO. 14-5654
      :
DETECTIVE MICHAEL BRADY, et al.,  :
    Defendants.  :

January _7th_, 2016                                      ANITA B. BRODY, J.

**MEMORANDUM**

Plaintiffs Kevin Mazzarella ("Kevin"), Steven Mazzarella ("Steven"), and Jeffrey Mazzarella ("Jeffrey") (collectively, "the Mazzarellas") bring suit against Defendants, Bensalem Township of Pennsylvania law enforcement officers, Michael Brady ("Brady"), Joseph Gansky ("Gansky"), Greg Smith ("Smith"), Jason Hill ("Hill"), Adam Schwartz ("Schwartz"), and Michael Rihl ("Rihl) (collectively, "the Officers") in their individual capacities. The Mazzarellas assert claims under 42 U.S.C. § 1983,[1] the Pennsylvania Constitution, and Pennsylvania common law.[2] For the reasons set forth below, I will grant in part and deny in part the Officers' motion for summary judgment.

---

[1] 42 U.S.C. § 1983 provides:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[2] I exercise federal question jurisdiction over Kevin's § 1983 claim pursuant to 28 U.S.C. §§ 1331 and 1343(a), and supplemental jurisdiction over the Mazzarellas' state law claims pursuant to 28 U.S.C. § 1367.

1

**I.     BACKGROUND**[3]

On March 4, 2014, Hill and Schwartz applied for a search warrant for the Mazzarella residence to search for marijuana, drug paraphernalia, and any other contraband associated with the sale and manufacture of drugs. The warrant application and affidavit of probable cause named Kevin, Steven, and Jeffrey Mazzarella, described the residence to be searched, and identified the items to be searched and seized. On March 5, 2014, a Pennsylvania district magistrate judge approved Hill's and Schwartz's warrant application and issued a search warrant for the Mazzarella residence. *See* Search Warrant and Affidavit of Probable Cause, Defs.' Mem. Supp. Summ. J. Ex. S. (ECF No. 56-5). The Officers executed the search warrant that same day.

To execute the warrant, the Officers, wearing tactical gear, entered the residence with a battering ram and with their firearms drawn. The Officers then physically detained and handcuffed each of the Mazzarellas, tasered two of their dogs, and conducted a search for drugs, drug paraphernalia, and drug-associated contraband throughout the residence. During the course of the search, Rihl grabbed Kevin from behind, pushed him face-down onto a couch, stomped on his back multiple times, handcuffed him, and then threw him, face-down, on the floor. Various officers made a number of statements to the Mazzarellas during the search, including announcing, "we're here to teach you a lesson," and describing the residence as a "fishing hotspot." At the conclusion of the search, the Officers released the Mazzarellas and left their residence empty-handed.

---

[3] Where facts are disputed, the Mazzarellas' account is taken as true for the purposes of this motion. *See Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (noting that at summary judgment, "the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in [that party's] favor" (alteration in original) (internal quotation marks omitted)).

The Mazzarellas filed suit against the Officers in October 2014, alleging violations of federal and state law. Five claims remain in the Mazzarellas' Amended Complaint:

> Count I – Kevin's federal excessive force claim against Rihl;
> Count III – Kevin's state law excessive force claim against Rihl;
> Count IV – the Mazzarellas' state law unlawful seizure claim against the Officers;
> Count V – Kevin's state law assault claim against Rihl; and
> Count VI – Kevin's state law battery claim against Rihl.

Pls.' Am. Compl. 13-18 (ECF No. 31).[4] The Officers move for summary judgment on all outstanding claims.

## II. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* In ruling on a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Both parties must support their factual

---

[4] In November 2015, I dismissed Count II of the Amended Complaint, the Mazzarellas' federal unlawful seizure claim against the Officers. *See* ECF No. 70.

positions by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In resisting a motion for summary judgment, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

In essence, the inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### III. DISCUSSION

#### 1. Kevin's Federal Excessive Force Claim Against Rihl

Rihl moves for summary judgment on Count I, Kevin's Fourth Amendment excessive force claim under 42 U.S.C. § 1983. A law enforcement officer who uses excessive force against an individual during the course of a seizure violates the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *see also Estate of Smith v. Marasco*, 318 F.3d 497, 515 (3d Cir. 2003) (analyzing an excessive force claim as an unreasonable seizure under the Fourth Amendment). The excessive force analysis turns on whether an officer's actions were "objectively reasonable in light of the facts and circumstances confronting [the officer], without regard to [the officer's] underlying intent or motivation." *Graham*, 490 U.S. at 397 (internal quotation marks omitted). The reasonableness of an officer's use of force is generally a question for the jury. *Estate of Smith*, 318 F.3d at 516.

Rihl contends that he was not the person who used this force against Kevin, and alternatively, that the forceful conduct never occurred. Rihl does not address the reasonableness

of the force he is alleged to have used against Kevin. Rihl argues that Kevin's description of his assailant conflicts with Rihl's physical characteristics. He also points to a finding by the Officers' expert that the footprint on Kevin's back does not match Rihl's shoes. In response, Kevin contests Rihl's characterization of his description, notes that Rihl admitted to handcuffing him, challenges the findings of the Officers' expert, and offers a rebuttal expert who concluded that the opinions of the Officers' expert are unreliable. Thus, there are genuine issues of material fact regarding the identity of the officer who detained Kevin and whether the incident actually occurred. I will deny the motion for summary judgment on this ground.

### 2. State Law Claims

The Mazzarellas' Amended Complaint includes four claims based on violations of state law: Count III – Kevin's state law excessive force claim against Rihl; Count IV – the Mazzarellas' state law "unlawful seizure" claim against the Officers; and Counts V and VI – Kevin's assault and battery claims against Rihl. The Mazzarellas do not specify in their Amended Complaint whether they bring their state law claims under Article I, Section 8 of the Pennsylvania Constitution or under Pennsylvania common law. In response to the Officers' Motion for Summary Judgment, however, they note that they bring their state law claims "under the Pennsylvania Constitution and Pennsylvania common law." Pls.' Mem. Opp. Summ. J. 51 (ECF No. 61). The Mazzarellas then quote Article I, Section 8 of the Pennsylvania Constitution and state that "Plaintiffs' state law claims were additionally brought pursuant to Pennsylvania common law." *Id.* at 52. Therefore, I address each state law claim under both Article I, Section 8 of the Pennsylvania Constitution and Pennsylvania common law.

#### A. Claims Under Article I, Section 8 of the Pennsylvania Constitution

The Officers move for summary judgment on all of the Mazzarellas' state law claims to

the extent that they assert violations of Article I, Section 8 of the Pennsylvania Constitution.[5] The Officers move for summary judgment on each of the Mazzarellas' state law constitutional claims on the ground that Pennsylvania does not recognize a private cause of action for monetary damages for violations of Article I, Section 8 of the Pennsylvania Constitution. Because the Officers are correct that Pennsylvania has not recognized a private cause of action for monetary damages arising from violations of Article I, Section 8 of the Pennsylvania Constitution, the Officers' motion will be granted to the extent that the Mazzarellas' state law claims are asserted under Article I, Section 8 of the Pennsylvania Constitution.

Pennsylvania does not have a state statutory analog to 42 U.S.C. § 1983 that authorizes a private right to sue for violations of the Pennsylvania Constitution. *Jones v. City of Philadelphia*, 890 A.2d 1188, 1213 (Pa. Commw. Ct. 2006), *appeal denied*, 909 A.2d 1291 (Pa. 2006) (noting that "there is no state statute similar to Section 1983, that already provides for a general right to sue for a constitutional violation"). In addition, the Pennsylvania Supreme Court has not determined whether a private cause of action for monetary damages is cognizable for violations of Article I, Section 8 of the Pennsylvania Constitution. However, in *Jones v. City of Philadelphia*, the Pennsylvania Commonwealth Court held that Article I, Section 8 of the Pennsylvania Constitution does not create a private cause of action for monetary damages. 890 A.2d at 1216. "Since *Jones*, federal courts addressing this issue with respect to § 8 have followed *Jones* and held that no private cause of action exists." *Hall v. Raech*, No. 08-5020, 2009 WL 811503, at *6 (E.D. Pa. Mar. 25, 2009); *see, e.g.*, *id.* (following *Jones*); *K.S. v. Sch.*

---

[5] Article I, Section 8 of the Pennsylvania Constitution provides:

> The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. art. I, § 8.

*Dist. Of Phila.*, No. 05-4916, 2007 WL 1009815, at *7 (E.D. Pa. March 28, 2007) (adopting *Jones* and granting defendants' motion for summary judgment with respect to plaintiff's state constitutional claim for monetary damages); *Small v. City of Philadelphia*, No. 05-5291, 2007 WL 674629, at *12 (E.D. Pa. Feb. 26, 2007) (same); *Klump v. Nazareth Area Sch. Dist.*, 425 F. Supp. 2d. 622, 641-42 (E.D. Pa. 2006) (applying *Jones* and dismissing the plaintiff's claims for monetary damages under the Pennsylvania Constitution); *see also Stockham Interests, LLC v. Borough of Morrisville*, No. 08-3431, 2008 WL 4889023, at *10 (E.D. Pa. Nov. 13, 2008) (broadly finding that there is "no private cause of action for damages arising from violations of the Pennsylvania Constitution" (citation and internal quotation marks omitted)).

The Mazzarellas do not dispute that the Pennsylvania courts have not recognized a private right of action for monetary damages under Article I, Section 8 of the Pennsylvania Constitution. Rather, they state that they also seek equitable and declaratory relief and assert that this relief is cognizable. *See* Pls.' Mem. Opp. Summ. J. 52. The Mazzarellas do not provide any authority to support this proposition, nor do they point to any case law or state statute that affirmatively authorizes a cause of action for non-monetary relief under Article I, Section 8 of the Pennsylvania Constitution.

To the extent that such relief is cognizable under the Pennsylvania Constitution, the Mazzarellas have neither pled the grounds nor provided any evidence in support of their claims for equitable or declaratory relief, beyond general requests for non-monetary relief in their Amended Complaint. *See* Am. Compl. ¶ 163, 164 (ECF No. 31). Therefore, I will grant the Officers' motion for summary judgment to the extent that the Mazzarellas bring their state law claims under Article I, Section 8 of the Pennsylvania Constitution.

B. <u>Claims under Pennsylvania Common Law</u>

i. *Kevin's Pennsylvania Common Law Excessive Force Claim Against Rihl*

Rihl moves for summary judgment on Count III, Kevin's state law excessive force claim under Pennsylvania common law, because it is duplicative of his state law assault and battery claims. Kevin's excessive force claim under Pennsylvania common law merges with his claims against Rihl for assault and battery. *See Renk v. City of Pittsburgh*, 641 A.2d 289, 293-94 (Pa. 1994) (characterizing a claim brought under Pennsylvania law for excessive force by a police officer as a claim for assault and battery); *see also Glass v. City of Philadelphia*, 455 F. Supp. 2d 302, 366 (E.D. Pa. 2006) (addressing a police officer's liability for excessive force as a claim of assault and battery under Pennsylvania law). To the extent that Kevin brings his state law excessive force claim under Pennsylvania common law, Rihl's motion for summary judgment is granted.

ii. *Kevin's Pennsylvania Common Law Assault and Battery Claims Against Rihl[6]*

Rihl moves for summary judgment on Counts V and VI, Kevin's state law claims of assault and battery under Pennsylvania common law. In Pennsylvania, "[a]ssault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person." *Renk*, 641 A.2d at 293 (1994) (citation omitted). However, "[a] police officer may use reasonable force to prevent interference with the exercise of his authority or the performance of his duty." *Id.* Therefore, for an assault and battery claim against a police officer,

---

[6] For clarity, I discuss Counts V and VI, Kevin's Pennsylvania common law claims of assault and battery against Rihl, before I discuss Count IV, the Mazzarellas' Pennsylvania common law "unlawful seizure" claim against the Officers.

8

"[t]he reasonableness of the force used in making the arrest determines whether the police officer's conduct constitutes an assault and battery." *Id.*

Rihl argues that he is entitled to immunity for Kevin's Pennsylvania common law assault and battery claims under Pennsylvania's Political Subdivision Tort Claims Act ("PSTCA"), 42 Pa. Cons. Stat. §§ 8541-8564. The PSTCA provides immunity to municipal employees facing liability for civil damages arising out of "any injury to a person or property caused by any act of the local agency or an employee thereof or any other person," except as otherwise provided under the PSTCA. *Id.* § 8541; *see also id.* § 8545 (extending governmental immunity to government agency employees). The PSTCA grants immunity to employees of local agencies for official actions undertaken in the scope of their employment unless it "is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice, or willful misconduct." *Id.* § 8550.

The Pennsylvania Supreme Court defines "willful misconduct" for police officers differently from "willful misconduct" for other employees. *Renk,* 641 A.2d at 293. In order to establish a police officer's "willful misconduct" for an intentional tort, a plaintiff generally must prove more than the elements of the intentional tort. *Id.*; s*ee Pettit v. Namie*, 931 A.2d 790, 801 (Pa. Commw. Ct. 2007) ("[I]n cases involving police conduct, a jury verdict that a police officer committed an intentional tort, by itself, is insufficient to establish 'willful misconduct.'"). "The conduct must be carried out with the intention of achieving exactly that wrongful purpose." *Pelzer v. City of Philadelphia*, 656 F. Supp. 2d 517, 538-39 (E.D. Pa. 2009) (internal quotation marks omitted). To defeat PSTCA immunity for a claim of assault and battery against a police officer, therefore, a plaintiff must establish not only that the police officer used excessive force, but also that he intended to do so. *Renk*, 641 A.2d at 293-94.

Kevin alleges that Rihl grabbed him, threw him face down onto a couch, stomped on his back multiple times, handcuffed him, and then threw him, face down, onto the floor. Rihl argues that he was not the person who used this force on Kevin, and alternatively, that Kevin fabricated the incident altogether. There are disputes of material fact in the record about whether Rihl did, in fact, take these actions, and if he did, whether they qualify as "willful misconduct." Thus, I will deny summary judgment on the Pennsylvania common law assault and battery claims.

### iii. *The Mazzarellas' Pennsylvania Common Law False Arrest Claim Against the Officers*[7]

The Officers move for summary judgment on Count IV, the Mazzarellas' claim for false arrest under Pennsylvania common law. The Officers argue that their motion should be granted because they detained the Mazzarellas pursuant to the execution of a facially valid search warrant[8] that was approved by a magistrate and supported by probable cause.

A claim of false arrest in Pennsylvania requires "1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." *McGriff v. Vidovich*, 699 A.2d 797, 799 n. 3 (Pa. Commw. Ct. 1997), *appeal denied*, 717 A.2d 1030 (Pa. 1998).[9] When an arrest is made by a police officer pursuant to a warrant and a magistrate's finding of probable cause, a plaintiff can only succeed on a false arrest claim by showing: "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or

---

[7] Although the Mazzarellas describe this claim as one of "unlawful seizure" in their Amended Complaint and subsequent filings, they address the claim as a claim of false arrest under Pennsylvania common law in their response brief. *See* Pls.' Mem. Opp. Summ. J. 52-54 ("In Pennsylvania, a claim of unlawful seizure is often referred to as a claim of 'false arrest.'"). Therefore, I address the Mazzarellas' claim of unlawful seizure as a claim of false arrest.

[8] At the motion to dismiss stage, I determined that the search warrant issued by the magistrate was facially valid. *See* ECF No. 70.

[9] The Pennsylvania and federal standards for the existence of probable cause are co-extensive. *See Renk*, 641 A.2d at 293; *see also Russoli v. Salisbury Twsp.*, 126 F. Supp. 2d 821, 869 (E.D. Pa. 2000).

omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (citation and internal quotation marks omitted).

The Mazzarellas argue that the warrant lacked probable cause and contend that Hill and Schwartz, the officers who prepared the warrant application and affidavit of probable cause, acted knowingly and deliberately in bad faith when they applied for the warrant. The Mazzarellas insist that Hill and Schwartz included misleading information, intentionally omitted favorable information, and mischaracterized past events in their affidavit, negating the magistrate judge's finding of probable cause. To support these assertions, the Mazzarellas rely on Hill and Schwartz's deposition testimony that they could not remember how they found some of the information they included in the warrant application, and their testimony that the confidential informant who gave them information about the residence only served as a confidential informant briefly. The Mazzarellas also point out that Hill and Schwartz included brief descriptions of three of the Mazzarellas' prior drug-related arrests in their affidavit of probable cause, but neglected to mention that two of these arrests did not result in convictions. In addition, the Mazzarellas offer their own sworn statements denying that the conduct described in the warrant application occurred. The Mazzarellas argue that this evidence, combined with statements the Officers made during their execution of the warrant, demonstrate that the warrant was knowingly and intentionally obtained based on false and misleading information.

While the Mazzarellas dispute the characterizations of their residence as a drug house and the affidavit's reference to prior incidents that occurred at their residence, they do not identify any specific facts in the warrant application that are false or were made in reckless disregard of the truth. The Mazzarellas lack personal knowledge of much of the information they challenge in the affidavit of probable cause, and therefore lack personal knowledge about the veracity of

11

the information.  For example, the Mazzarellas state in their response brief: "None of [the Mazzarellas] engaged in a 'hand to hand transaction.'  No such 'hand to hand transaction' occurred."  Pls.' Mem. Opp. Summ. J. 35.  The warrant application, however, does not state that the Mazzarellas conducted the hand to hand transaction observed by the Officers:

> On 3/3/14 your affiants conducted surveillance on 3747 Morrow Dr.  At this time, you[r] affiants observed foot and vehicle traffic coming and going from the residence. . . .Your affiants observed a vehicle park and wait several minutes.  A subject was observed exiting the residence and approached the vehicle.  A short interaction was conducted through the passenger side window of the vehicle.  The subject then went back into the residence.  The vehicle then pulled away.  Based on your affiants' knowledge, training and experience this activity is common with hand to hand transactions.

Search Warrant and Affidavit of Probable Cause, Defs.' Mem. Supp. Summ. J. Ex. S, at 4.  The Mazzarellas' assertion that they were not personally involved in a hand to hand transaction outside of their residence cannot establish that this description is a deliberate falsehood or in reckless disregard of the truth.

Similarly, the Mazzarellas do not explain why the inclusion of their prior arrest history constitutes false statements or how the lack of information about their conviction history is a material omission.  Moreover, the Mazzarellas do not provide any evidence or argument about the materiality of the statements in the warrant application that they find problematic.  Even viewing the facts in the light most favorable to the Mazzarellas, there is nothing in the record to establish that Officers knowingly and deliberately, or in reckless disregard of the truth, provided false information or omissions that created a falsehood in the warrant application.  I will therefore grant summary judgment on the Mazzarellas' Pennsylvania common law false arrest claim.

### IV.   CONCLUSION

For the reasons set forth above, I will grant in part and deny in part the Officers' Motion

for Summary Judgment.  I will grant the Motion for Summary Judgment on Kevin's state law excessive force claim against Rihl (Count III), Kevin's Pennsylvania constitutional claims of assault and battery against Rihl (Counts V and VI), and the Mazzarellas' state law false arrest claim against the Officers (Count IV).  I will deny the Motion for Summary Judgment on Kevin's federal excessive force claim against Rihl (Count I) and Kevin's Pennsylvania common law assault and battery claims against Rihl (Counts V and VI), because there is a genuine dispute of material fact about Rihl's detention of Kevin during the search.  Therefore, Kevin's federal excessive force claim and Pennsylvania common law assault and battery claims against Rihl are the only claims that remain in this action.  Plaintiff Kevin Mazzarella and Defendant Michael Rihl are the only parties that remain in this action.

          s/Anita B. Brody

          _____

          ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:        Copies **MAILED** on _____ to: