IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEVIN MAZZARELLA, et al. | : | |
| Plaintiffs, | : | CIVIL ACTION |
| | : | No. 14-5654 |
| v. | : | |
| | : | |
| DETECTIVE MICHAEL BRADY, et al., | : | |
| Defendants. | : | |

**December 14, 2016**                                                                 **Anita B. Brody, J**

### Memorandum

Plaintiffs Kevin, Steven, and Jeffrey Mazzarella move to Vacate the Clerk of Court's Taxation of Costs (ECF No. 123) ("Pls.' Mot."). For the foregoing reasons, I will partially grant their motion. I vacate costs in their entirety with respect to Steven Mazzarella and reduce the taxation of costs with respect to Kevin and Jeffrey Mazzarella to $3,000.

**I.     BACKGROUND**

Plaintiffs Kevin, Steven, and Jeffrey Mazzarella ("the Mazzarellas") are brothers who reside in Bensalem, Pennsylvania. Defendants are Bensalem Township law enforcement officers Michael Brady, Joseph Gansky, Greg Smith, Jason Hill, Adam Schwartz, and Michael Rihl ("the Officers"). On March 5, 2014 the Officers, in the process of executing a search warrant for the residence, entered the Mazzarella home. Wearing tactical gear with their firearms drawn, the Officers physically detained each of the Mazzarellas, tasered two of their dogs, and conducted a search for drugs, drug paraphernalia, and drug-associated illicit contraband throughout the residence. At the conclusion of the search, the Officers released the Mazzarellas and left their residence empty-handed. On October 3, 2014, Plaintiffs individually and collectively brought various claims against the Officers in their individual capacities under state and federal law for

1

unlawful seizure, excessive force, assault, and battery (ECF No. 1).

On November 16, 2015, I dismissed one federal count of unlawful seizure (ECF No. 70). On January 7, 2016, I denied in part and granted in part the Officers' motion for summary judgment. (ECF No. 75). Summary judgment was granted with respect to all claims brought by Steven and Jeffrey Mazzarella, and for all claims against Officers Michael Brady, Joseph Gansky, Greg Smith, Jason Hill and Adam Schwartz. Kevin Mazzarella's excessive force, assault and battery claims against Officer Michael Rihl survived. In March 2016, a jury trial was held and a verdict was reached in favor of Defendant Rihl (ECF No. 114).

On May 4, 2016, the Clerk of Court taxed costs against Plaintiffs in the amount of $8,811.53 (ECF No. 122). Plaintiffs now move to vacate those costs entirely because they are unable to pay them. They also specifically object to four individual costs: Transcript fees for the Deposition of Mark Songer ($492.25); Subpoena fees for Steven and Jeffrey Mazzarella ($50 and $75); Subpoena fees for Jordan Ray ($65); and Transcript fees for Final Pretrial Conference ($77).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This "creates the strong presumption that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 462 (3d Cir. 2000) (quotation omitted). To deny costs to the prevailing party, a district court must "must support[ ] that determination with an explanation." *Id.* (quotations omitted). "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id.*

A district court may consider the following factors to determine whether an award of

costs is inequitable: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failure to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigence or inability to pay the full measure of a costs award levied against them." *Id.* at 468. A district court may not consider the closeness or complexity of the underlying case, the good faith of the losing party, or the relative disparity in resources between the parties. *Id.*

"[I]f a losing party is indigent or unable to pay the full measure of costs, a district court *may,* but need not *automatically,* exempt the losing party from paying costs." *Id.* at 464. Inability to pay is the most important factor for the court to consider. "In assessing the [losing party's] indigency or modest means . . . [a] court should measure each [losing party's] financial condition as it compares to whatever award the court decides to tax against him or her." *Id.* at 464 n. 5. No "hard and fast rules" exist for assessing a losing party's indigence and district courts should use their "common sense" in making this determination. *Id.*

A district court is charged with making a *de novo* review of the clerk's taxation of costs. No deference is afforded the decision of the clerk. *Id.* at 461 (citing *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 944 F.2d 1176, 1184 (3d Cir. 1991)). Ultimately, the award or denial of costs is within the sound discretion of the district court. *Adams v. Teamsters Local 115*, 678 F. Supp. 2d 314, 324 (E.D. Pa. 2007).

### III. DISCUSSION

Of the two factors I am permitted to consider in determining if the taxation of costs is equitable—the prevailing party's unclean hands and the losing party's lack of resources—only the latter is relevant to the present dispute. A losing party may be relieved from paying costs if "he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity." *In re Paoli*, 221 F.3d at 464. In assessing indigency,

a court must measure the losing party's "financial condition as it compares to whatever award the Court decides to tax against him or her." *Id*. at 464 n.5. As I have noted above, "there are no hard and fast rules for assessing a losing party's indigency or inability to pay; district courts should use their common sense in making this determination." *Id.*

Each Mazzarella brother is employed, although in a "low-wage" job. Pls.' Mot. 1. They each live with their parents, they do not own a home, and they have "no significant savings to speak of . . . [or] assets through which to satisfy this judgment." Pls.' Mot. 1. Although they each have vehicles they are entitled to use, they assert they "do not own the vehicles they drive." Pls.' Mot 8. They have "little or no ability to pay [] costs in the foreseeable future." Jeffrey is also expecting a child. Pls.' Mot 8.

Plaintiff Steven Mazzarella attests that he is unable to pay the judgment. Aff. of Steven Mazzarella ¶ 3, attached as Ex. A to Pls.' Mot. (ECF No. 123). He provides documentation that as of April 3, 2016, he earned $3,743.18 after taxes. Pay Stub for Steven Mazzarella, attached as Ex. B to Pls.' Mot. (ECF No. 123). He also attests that his total income in 2015 was $2,340. Individual Income Tax Return Form 1040A for Steven Mazzarella, attached as Ex. C to Pls.' Mot. (ECF No. 123).

Plaintiffs Jeffrey and Kevin Mazzarella also each attest that he is unable to pay the judgment. Aff. of Jeffrey Mazzarella ¶ 3; Aff. of Kevin Mazzarella ¶ 3, attached as Ex. A to Pls.' Mot. (ECF No. 123). As of May 6, 2016, Kevin earned $13,843 before taxes. He earned $37,206 in 2015. *See* Ex. B and C to to Pls.' Mot. (ECF No. 123). As of April 30, 2016, Jeffrey earned $10,665 before taxes. He earned $24,994 in 2015. *See* Ex. B and C to to Pls.' Mot. (ECF No. 123).

Other courts in this district have reduced or vacated costs based upon a losing party's inability to pay when the party demonstrates that he or she lives with relatives, was without

assets, and had little or no income. *See Yudenko v. Guarinni*, Civ. A. No. 06-CV-4161, 2010 WL 2490679, at *4 (E.D. Pa. June 15, 2010) (vacating costs of $3,576.37 in their entirety); *Sullivan v. Warminster Township*, Civ A. No. 07-4447 (E.D. Pa. May 9, 2013) (vacating costs of $25,398.42 in their entirety). While the above litigants were declared indigent, a district court need not find a losing party indigent to reduce or vacate a taxation of costs. *See Paoli,* 221 F.3d at 464 ("[I]f a losing party is indigent *or unable to pay the full measure of costs*, a district court . . . [may] exempt the losing party from paying costs.") (emphasis added). I need only find that that the losing party has demonstrated with "an explanation" why he is "unable to pay the full measure of costs." *Id.* I am also permitted to apportion costs individually amongst the Plaintiffs, as equity demands. *See id*. at 549 ("This power to apportion between parties also includes the power to divide costs among the losing and winning parties in a case involving multiple defendants [or] plaintiffs . . .").

Steven Mazzarella earned approximately $195 per month in 2015, and has no assets. I find that he is indigent and therefore bears no responsibility to pay costs in this matter. His costs are vacated in their entirety.

Jeffrey and Kevin Mazzarella, however, are more gainfully employed than their brother. Nonetheless, their lack of assets, relatively low-income jobs and Jeffrey's dependent child compel me, for reasons of equity, to reduce their cost burden as well. I will reduce the total cost award to $3,000, and tax them both jointly and severally for this amount.[1]

---

[1] I find Plaintiffs' other arguments as to costs without merit. Each of the charges to which Plaintiffs' object were taxable under Fed R. Civ. P. 54 and were "reasonably necessary" for preparation of the case. *See* 28 U.S.C. § 1920(2); *see also Macario v. Pratt & Whitney Canada, Inc.,* No. 90–3906, 1995 WL 649160, at *1 (E.D. Pa. Nov.1, 1995) ("Pursuant to § 1920(2), a party may recover costs for deposition transcripts if the depositions were reasonably necessary to the case or to preparation for trial . . . Actual use of the deposition at trial is generally not required for an award of costs.").

IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Vacate the Clerk of Court's Taxation of Costs (ECF No. 123) is granted in part and denied in part. Plaintiff Steven Mazzarella is relieved of costs. Costs are taxed jointly and severally to Plaintiffs Jeffrey and Kevin Mazzarella at $3,000.

s/Anita B. Brody

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____ to:                    Copies **MAILED** on _____ to: